# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ARTURO LOPEZ,<br><br>     Plaintiff,<br><br>  v.<br><br>KOHL'S, INC., et al.,<br><br>     Defendants. | Case No. 2:21-cv-09051-FLA (MAAx)<br><br>**ORDER REMANDING ACTION** |

  On November 20, 2020, Plaintiff Jesus Arturo Lopez ("Plaintiff") initiated this action against Defendant Kohl's Inc. ("Defendant") and DOES 1 through 30 in the Los Angeles County Superior Court. Dkt. 1-1. The Complaint states causes of action based on injuries she allegedly sustained at Defendant's store located in Alhambra, California. *See id.*

  On November 18, 2021, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. *Id.* at 2. Defendant relies exclusively on Plaintiff's Statement of Damages, which seeks $550,000. *Id.*; Dkt. 1-3.

/ / /

On August 29, 2023, the court issued an Order to Show Cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 13.  The court provided the parties fourteen days to respond and cautioned Defendant that, as the party asserting federal jurisdiction, its "[f]ailure to respond timely and adequately to [the OSC] shall result in the remand of the action without further notice."  *Id.* at 3.

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  But where a party contests, or a court questions, a party's allegations concerning the amount in controversy, both sides submit proof, and the court decides whether the party claiming jurisdiction has proven the amount in controversy by a preponderance of the evidence.  *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant has not filed any response to the court's OSC.  This, in and of itself, is a sufficient basis to remand the action, because the court expressly warned Defendant that its failure to respond would result in the remand of the action without

further notice. *See* Dkt. 13 at 3.

As an additional basis for remand, the court looks to allegations in the Notice of Removal to determine if the amount in controversy is self-evident or does not otherwise require additional proof. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  The Notice of Removal premises its conclusion regarding the amount in controversy solely on Plaintiff's statement of damages. *See* Dkt. 1 at 2.  Defendant, however, provides no evidence to substantiate that Plaintiff's estimate is reasonable, nor is such an estimation apparent on the face of the Complaint. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a *reasonable* estimate of the plaintiff's claim.") (emphasis added).

Thus, after ordering the parties to demonstrate diversity jurisdiction legally and factually, the amount in controversy—and therefore the existence of diversity jurisdiction—remains unproven and in substantial doubt.  Accordingly, the court cannot conclude that diversity jurisdiction exists.

The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 20STCV44709.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 13, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge